ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| **OSVALDO LASANTA FIGUEROA**<br><br>Recurrente<br><br>v.<br><br>**SISTEMA DE RETIRO DE LA UNIVERSIDAD DE PUERTO RICO, JUNTA DE RETIRO Y JUNTA DE GOBIERNO DE LA UNIVERSIDAD DE PUERTO RICO**<br><br>Recurrido | KLRA202500156 | **REVISIÓN** procedente de la Junta de Gobierno de la Universidad de Puerto Rico<br><br>Caso Núm.:<br>**JG 22-09**<br><br>Sobre:<br>Denegatoria Solicitud Retiro por Incapacidad |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Díaz Rivera.[2]

Cintrón Cintrón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 17 de junio de 2025.

Osvaldo Lasanta Figueroa (en adelante "señor Lasanta Figueroa" o "parte recurrente") nos solicita que revoquemos la *Resolución* emitida el 17 de octubre de 2022 por la Junta de Retiro de la Universidad de Puerto Rico (en adelante "Junta de Retiro"). Mediante el referido dictamen, la Junta de Retiro declaró *No Ha Lugar* el recurso de apelación incoado por el señor Lasanta Figueroa y, en consecuencia, confirmó la determinación del Sistema de Retiro de la Universidad de Puerto Rico (en adelante "Sistema de Retiro") denegando la solicitud de beneficios por incapacidad.

Por los fundamentos que expondremos a continuación, se confirma la *Resolución* recurrida.

### I.

Surge del expediente ante nuestra consideración que el señor Lasanta Figueroa comenzó a laborar en la Universidad de Puerto

---

[1] Véase *Orden Administrativa OAJP-2021-086*.
[2] Véase *OATA-2025-038* de 25 de marzo de 2025.

Rico en Cayey en 1992. Dentro de la institución se desempeñó como Registrador de Datos de Sistemas en Línea, Auxiliar de Contabilidad I y Contador I, siendo el último puesto en el cual permaneció hasta alcanzar el rango de Contador IV. Empero, a partir del 8 de junio de 2019, la parte recurrente comenzó a disfrutar de una licencia sin sueldo por enfermedad.

Así las cosas, el 25 de febrero de 2020, el señor Lasanta Figueroa incoó *Solicitud de Beneficios de Retiro por Incapacidad* ante el Sistema de Retiro. En esta, en síntesis, adujo que estaba incapacitado para continuar realizando las funciones de su puesto de Contador IV en la Universidad debido a que padecía de depresión mayor severa, desorden de ansiedad generalizada y de una condición lumbar que le disminuía la capacidad y tolerancia física. Por todo lo anterior, la parte recurrente solicitó la aprobación de una pensión por incapacidad.

No obstante, el 20 de mayo de 2021, el Sistema de Retiro denegó la solicitud del señor Lasanta Figueroa. Por lo que, en desacuerdo, el 10 de junio de 2021, la parte recurrente solicitó revisión de la referida determinación ante la Junta de Retiro.

En atención a este recurso, el 19 de julio de 2021, la Junta de Retiro emitió y notificó *Orden,* mediante la cual le concedió un término de treinta (30) días al señor Lasanta Figueroa para que presentara "cualquier evidencia [o] alegato adicional que entienda necesaria para respaldar las alegaciones de su Apelación". En cumplimiento con la referida orden, el 3 de agosto de 2021, el señor Lasanta Figueroa presentó *Solicitud para Presentación de Alegato o Celebración de una Vista.*

Así las cosas, el 17 de octubre de 2022, notificada el 18 de octubre de 2022, la Junta de Retiro emitió su *Resolución.* Mediante el referido dictamen, declaró *No Ha Lugar* el recurso de apelación presentado por el señor Lasanta Figueroa y, en consecuencia,

confirmó la determinación del Sistema de Retiro denegando la solicitud de beneficios por incapacidad.

Inconforme con esta determinación, el 2 de noviembre de 2022, el señor Lasanta Figueroa presentó *Solicitud de Reconsideración* ante la Junta de Retiro. Empero, tras no recibir respuesta sobre su solicitud, el 16 de noviembre de 2022, el señor Lasanta Figueroa acudió ante la Junta de Gobierno de la Universidad de Puerto Rico (en adelante "Junta de Gobierno") mediante *Solicitud de Revisión*. Sin embargo, al día siguiente, el 17 de noviembre de 2022, la Junta de Retiro le notificó a la parte recurrente haber acogido su solicitud de reconsideración.

Luego de varias incidencias procesales[3] y devuelto el asunto ante la consideración de la Junta de Gobierno, la Junta de Retiro presentó *Moción en Oposición al Escrito de Revisión* el 9 de mayo de 2023. En esta, adujo que, conforme al Artículo 24 del *Reglamento sobre Procedimientos Apelativos Administrativos de la Universidad de Puerto Rico*, tenía facultad para resolver una apelación sin la necesidad de celebrar una vista. Afirmó además que, la parte recurrente tuvo oportunidad de presentar toda la evidencia necesaria para sostener su postura y que, por ello, tuvo ante su consideración toda la información pertinente para adjudicar el caso.

Evaluadas las posturas de las partes, el 3 de diciembre de 2024, la Junta de Gobierno notificó su decisión junto con copia del *Informe de la Oficial Examinadora*. Mediante la misma, declaró *Sin Lugar* el recurso de apelación interpuesto por el señor Lasanta Figueroa y confirmó la resolución emitida el 17 de octubre de 2022 por la Junta de Retiro denegando la apelación. En virtud de ello,

---

[3] El 31 de marzo de 2023, este foro intermedio desestimó un recurso de revisión incoado por el señor Lasanta Figueroa por ser prematuro debido a que aún no había culminado el proceso apelativo ante la Junta de Gobierno. Véase, KLRA202300102.

confirmó la determinación del Sistema de Retiro de denegar la solicitud de pensión por incapacidad de la parte recurrente.

Empero, el 23 de diciembre de 2024, la parte recurrente presentó *Moción Solicitando Informe sea Notificado Íntegramente y Reconsideración*. Allí advirtió que el informe le fue notificado de forma incompleta, esto pues no le habían sido enviadas dos de sus páginas. Por ello, solicitó que se le notificara íntegra y adecuadamente la resolución e informe de la Junta de Gobierno. Así las cosas, el 10 de enero de 2025 fue notificada nuevamente la determinación de la Junta de Gobierno.

En desacuerdo, el 29 de enero de 2025, el señor Lasanta Figueroa incoó *Moción de Reconsideración*. En esta, manifestó que, al momento en que se le requirió presentar cualquier evidencia adicional no disponía de asesoría legal. Manifestó que a base de sus conocimientos creyó que lo más prudente era solicitar una vista, de forma que pudiera presentar toda la documentación en su poder y así aclarar y explicar el alcance de esta. Por ello, solicitó que se le proveyera oportunidad de presentar la evidencia médica y que, en virtud de ella, se evaluara si cualificaba para recibir los beneficios del Sistema de Retiro por razón de incapacidad.

Transcurrido el plazo de quince (15) días sin que la agencia actuara sobre el referido recurso, el señor Lasanta Figueroa recurrió ante este foro revisor mediante *Recurso de Revisión* señalando los siguientes errores:

> Erró la Honorable Junta de Retiro de la Universidad de Puerto Rico al denegarle al recurrente, Osvaldo Lasanta Figueroa, el derecho a la celebración de una vista adjudicativa y, por consiguiente, a poder presentar en la vista administrativa en la Junta de Retiro evidencia no presentada antes, como parte del procedimiento para resolver su apelación y violentando su derecho constitucional a un debido proceso de ley.

> Erró la Honorable Junta de Retiro de la Universidad de Puerto Rico al concluir que el recurrente, Osvaldo Lasanta Figueroa[,] no está incapacitado para llevar a cabo cualquier tipo de ocupación, toda vez que la

conclusión del informe preparado por el psiquiatra es contraria a la normativa establecida por el Reglamento de la propia Junta de Retiro de la Universidad de Puerto Rico, el cual establece que un participante será considerado incapacitado para el desempeño de sus deberes en la posición que ocupa regularmente, o en cualquier otra posición, dentro de su clasificación y escala de salarios, que le asigne la autoridad nominadora. (Énfasis en el original omitido).

El 15 de mayo de 2025, comparecieron el Sistema de Retiro y la Junta de Retiro mediante *Alegato en Cumplimiento de Orden.*

Con el beneficio de la comparecencia de todas las partes, estamos en posición de resolver.

## II.

## A.

Sabido es que los tribunales apelativos están llamados a otorgar amplia deferencia a las decisiones de las agencias administrativas. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 126 (2019); *Vélez v. ARPE,* 167 DPR 684, 693 (2006); *Otero v. Toyota,* 163 DPR 716, 727 (2005). Al evaluar la decisión de una agencia, el tribunal debe determinar si ésta actuó de forma arbitraria, ilegal o irrazonable, constituyendo sus actuaciones un abuso de discreción. El criterio rector es la razonabilidad de la agencia recurrida. Véase, *Torres Rivera v. Policía de PR,* 196 DPR 606, 626 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 746 (2012); *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008).

Así, al momento de evaluar una decisión administrativa, los tribunales tomarán en consideración, no solo la especialización y experiencia de la agencia sobre las controversias que tuviera ante sí, sino que también deben distinguir entre cuestiones relacionadas a la interpretación de las leyes —donde los tribunales son los especialistas— y aquellos asuntos propios para la discreción o pericia administrativa. *García Reyes v. Cruz Auto Corp.*, supra, pág. 892. Véanse, además, *Super Asphalt v. AFI y otros*, 206 DPR 803,

820 (2021); *Capó Cruz v. Jta. Planificación*, 204 DPR 581 (2020); *Román Ortiz v. OGPe*, 203 DPR 947 (2020).

Al aplicar el criterio de razonabilidad y deferencia, se ha dispuesto por la jurisprudencia que los foros apelativos no deben intervenir con las determinaciones de hechos que las agencias formulan, si las mismas están sostenidas por evidencia sustancial que obre en el expediente administrativo.[4] Bajo dicho escenario, los foros apelativos deben sostenerlas. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Véase también, *Daco v. Toys "R" Us*, 191 DPR 760, 764 (2014); *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75 (2000).

Ahora bien, debido a que las resoluciones de los organismos administrativos se gozan de una presunción de legalidad y corrección, quien las impugne tiene el peso de la prueba, por lo que deberá presentar evidencia suficiente para derrotar la presunción que estas poseen. *Transp. Sonell v. Jta. Subastas ACT*, 2024 TSPR 82, 214 DPR ____ (2024); *García Reyes v. Cruz Auto Corp.*, supra, pág. 893; *Pacheco v. Estancias*, 160 DPR 409, 431 (2003). De lo anterior, surge claramente que la carga probatoria le corresponde a la parte recurrente. Si incumple, la decisión administrativa deberá ser respetada por el foro apelativo.

Empero, debemos puntualizar que los tribunales estamos llamados a ejercer un juicio independiente al evaluar las conclusiones de derecho y las interpretaciones que realizan las agencias sobre la ley que le corresponde administrar. En ese sentido, nuestro más Alto Foro pautó que no debemos guiarnos por una deferencia automática sobre las interpretaciones de las agencias administrativas. Ello debido a que es deber de los tribunales revisar

---

[4] Evidencia sustancial es aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Otero v. Toyota*, supra, pág. 728.

las conclusiones de derecho en todos sus aspectos. *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025).

**B.**

El Sistema de Retiro de la Universidad de Puerto Rico se creó por disposición de la Ley Núm. 135 del 7 de mayo de 1942, posteriormente derogada por la Ley Núm. 1 del 20 de enero de 1966, ambas conocidas como la "Ley de la Universidad de Puerto Rico".18 LPRA sec. 601 *et seq.* En ese sentido, el Sistema de Retiro nace como resultado del cumplimiento de las obligaciones que la ley orgánica de la UPR le impone a la actual Junta de Gobierno, cuerpo encargado de administrar y gobernar la Universidad de Puerto Rico.

Específicamente, el Art. 3 (H) consagra los deberes y atribuciones de la Junta de Gobierno y, en lo pertinente, el inciso quince (15) establece la obligación de la Junta de Gobierno de "[m]antener un plan de seguro médico y un sistema de pensiones para todo el personal universitario". 18 LPRA sec. 602. A su vez, como corolario de lo anterior, se le atribuyó a la Junta de Gobierno el deber de aprobar el Reglamento del Sistema de Retiro de la Universidad de Puerto Rico.[5]

De otra parte, el Artículo IV del aludido reglamento dispone que:

[...]

Todo participante con quince (15) años de servicio acreditados que se inhabilite para el servicio debido a un estado mental o físico y que por razón de ese estado estuviere incapacitado para cumplir los deberes de cualquier cargo en el servicio a la Universidad podrá optar a una pensión por incapacidad.

---

[5] Cabe señalar que el Consejo de Educación Superior estableció el Reglamento General del Sistema de Retiro original a través de la aprobación de la Certificación Núm. 27 (1973-1974). Del mismo modo, estableció el Sistema de Retiro. Posteriormente, dicho Reglamento fue objeto de múltiples enmiendas aprobadas mediante Certificaciones del cuerpo encargado de gobernar la Universidad de Puerto Rico, llámase Consejo de Educación Superior o Junta de Síndicos, actualmente renombrado Junta de Gobierno.

Asimismo, en cuanto a la controversia ante nuestra consideración, el mismo Artículo establece que:

Un participante será considerado incapacitado en la fecha en que se determine mediante examen de un médico o médicos designados por el (la) Director(a) Ejecutivo(a) que está total y permanentemente incapacitado para el desempeño de sus deberes en la posición que ocupa regularmente, o en cualquier otra posición, dentro de su clasificación y escala de salarios, que le asigne la autoridad nominadora.

## C.

La Junta de Gobierno de la Universidad de Puerto Rico, dentro de su facultad para reglamentar, aprobó el *Reglamento sobre Procedimientos Apelativos Administrativos de la Universidad de Puerto Rico*, Reglamento Núm. 9054 de 23 de octubre de 2018 (en adelante "Reglamento Núm. 9054). Ello con el propósito de establecer las normas que regulan los procedimientos apelativos administrativos para adjudicar una apelación presentada ante una decisión o resolución de una autoridad universitaria. Artículo 4 del Reglamento Núm. 9054, supra.

El Artículo 11(A) del Reglamento Núm. 9054, supra, establece que una apelación dará inicio cuando se radique el correspondiente escrito ante la autoridad apelativa correspondiente, dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha en que fue notificada la decisión. En lo pertinente a la jurisdicción de la autoridad apelativa, el Artículo 9(D) del Reglamento Núm. 9054, supra, dispone que la Junta de Gobierno entenderá y resolverá las apelaciones que interponga cualquier parte interesada que se considere adversamente afectada por una decisión o resolución emitida por la Junta de Retiro.

Por su parte, en el Artículo 29(B)(1) del Reglamento Núm. 9054, supra, se dispone que, en el caso de una resolución u orden, parcial o final, emitida por la Junta de Gobierno, con relación a la apelación presentada, cualquiera de las partes podrá solicitar la

reconsideración dentro del plazo de veinte (20) días, contados a partir del archivo en autos de la notificación de dicha resolución u orden. La Junta de Gobierno deberá considerarla la misma dentro de los quince (15) días de haberse presentado. *Id.*, Artículo 29 (B)(2). Si la Junta de Gobierno rechaza de plano, o no actuare dentro de dicho término sobre la solicitud de reconsideración, la parte podrá solicitar la revisión judicial y, el término para ello comenzará a decursar a partir de la notificación de la denegatorio o, desde que expire el término de quince (15) días. *Id.* El término para presentar la revisión judicial ante este Tribunal de Apelaciones es de treinta (30) días. *Id.*, Artículo 29(D).

Por último, en lo pertinente a la controversia ante nuestra consideración, el Artículo 24(A) del Reglamento Núm. 9054, supra, intitulado *Criterios para la Celebración de Vistas Adjudicativas*, dispone lo siguiente:

> "1. **La autoridad apelativa o su representante autorizado determinará si es necesario o requerido por ley o reglamento aplicable celebrar vistas adjudicativas**, como parte del procedimiento para resolver la apelación. La celebración de una vista anterior y su grabación serán factores a ser considerados, pero no serán determinantes en la decisión de celebrar vistas adjudicativas ante otras instancias apelativas.
>
> 2. Se considerará, si el récord está incompleto o sirve a los mejores intereses de la justicia ampliar el récord del caso."

(Énfasis nuestro).

### III.

En el recurso de epígrafe, la parte recurrente impugna la *Decisión* de la Junta de Gobierno de declarar *Sin Lugar* su recurso de apelación. Lo antes, tuvo el efecto de que, la Junta de Gobierno mantuviera en vigor la *Resolución* de la Junta de Retiro, mediante la cual confirmó la determinación del Sistema de Retiro de no aprobar su solicitud de beneficios por incapacidad.

En su primer señalamiento de error, la parte recurrente alega que incidió la Junta de Retiro al denegarle el derecho a la celebración de una vista adjudicativa como parte del procedimiento para resolver su apelación. Sostiene que, debido a que el Artículo 24 del Reglamento Núm. 9054, supra, es inconstitucional, por ser contrario a la cláusula constitucional del debido proceso de ley, la Junta de Retiro debió celebrar una vista adjudicativa de forma que tuviera oportunidad de ser oído, de contrainterrogar testigos y de presentar prueba oral y escrita a su favor. Manifiesta la parte recurrente que, el récord del caso está incompleto puesto que no cuenta con los récords médicos ofrecidos y no presentados y, además, afirma que recibir y evaluar dichos récords sirve a los mejores intereses de la justicia.

De otra parte, en su segundo señalamiento de error, el señor Lasanta Figueroa plantea que erró la Junta de Retiro al concluir que no estaba incapacitado para llevar a cabo cualquier tipo de ocupación. Ello debido a que, sostiene que la conclusión del informe preparado por el psiquiatra se aleja de la normativa establecida por la Junta de Retiro. Argumenta que, conforme al Reglamento del Sistema de Retiro, un participante será considerado incapacitado cuando se determine, mediante examen de un médico, que está total y permanentemente incapacitado para desempeñar sus deberes en la posición que ocupa regularmente, o en cualquier otra posición, dentro de su posición y escala de salarios. A esos efectos, aduce que, el Dr. López no lo evaluó conforme al reglamento pues este no determinó si estaba capacitado para desempeñar los deberes de la posición que ocupaba regularmente.

Ahora bien, el Sistema de Retiro y la Junta de Gobierno (en conjunto "parte recurrida") sostienen que, la decisión impugnada está respaldada por prueba sustancial que obra en el expediente del caso. A grandes rasgos, argumentan que en el expediente del caso

constaban los documentos presentados por el señor Lasanta Figueroa y todos aquellos documentos que eran necesarios para adjudicar la controversia, entre los cuales se encontraban los informes de los doctores Raúl E. López y Rafael Seín. A su vez, la parte recurrida alega que tenía plena facultad para resolver la apelación sin la necesidad de celebrar una vista. Por último, argumenta que nada de lo alegado por la parte recurrente justifica aprobar una pensión de retiro por incapacidad. Veamos.

Con respecto al planteamiento de que la Junta de Retiro infringió el debido proceso de ley de la parte recurrente al resolver la apelación sin la celebración de una vista adjudicativa, somos del criterio de que no se cometió el error señalado. Ello pues, aun cuando la Junta de Retiro no celebró una vista adjudicativa, lo cierto es que el propio Reglamento Núm. 9054, supra, le permite a la autoridad apelativa determinar si es necesario o requerido celebrar una vista adjudicativa. Así las cosas, a base de la totalidad del expediente del caso, las autoridades universitarias determinaron que las opiniones médicas demostraron que el señor Lasanta Figueroa no se encontraba incapacitado para continuar ejerciendo sus funciones de Contador IV. Además, en su escrito el señor Lasanta Figueroa fundamenta su alegación en la falta de permitirle la celebración de una vista. Sin embargo, el señor Lasanta Figueroa omitió presentar ante esta Curia los documentos que validan su reclamo. Por tanto, del expediente no surge indicios de que la parte recurrente haya sido privada de su propiedad sin el debido proceso de ley. No se cometió el error señalado.

A su vez, luego de examinar el expediente ante esta Curia constatamos que la parte recurrente no incluyó copia de los informes médicos que obran en el expediente del caso ante la Junta de Gobierno. De forma que, no nos ha colocado en posición para revisar la apreciación de la prueba realizada por el organismo

administrativo. Por lo que, en ausencia de los referidos informes, el señor Lasanta Figueroa no presentó ante nuestra consideración prueba suficiente que derrotara la presunción de legalidad y corrección de la decisión recurrida. Siendo ello así, y ante la norma imperante en nuestro ordenamiento jurídico, debemos darle total deferencia a las determinaciones de hechos a las que arribó la Junta de Gobierno.

Cónsono con lo anterior, no podemos concluir que la determinación final de la Junta de Gobierno fuera una arbitraria, irrazonable o contraria a derecho. A esos efectos, procede que confirmemos en su totalidad el dictamen administrativo impugnado.

**IV.**

Por los fundamentos antes esbozados, ***confirmamos*** la *Resolución* del 17 de octubre de 2022 emitida por la Junta de Retiro de la Universidad de Puerto Rico.

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones